## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**EDDIE J. DELONE**                                                     **CIVIL ACTION**

**V.**                                                                                **NO. 23-00582-BAJ-RLB**

**USAA GENERAL INDEMNITY CO.**

### ORDER

Before the Court is non-party URG-HAB Surgical Specialists, Incorporated's ("URG-HAB") Motion to Quash and/or for Protective Order (the "Motion"). (R. Doc. 7). It is opposed by USAA General Indemnity Company ("Defendant"). (R. Doc. 10). URG-HAB filed a Reply. (R. Doc. 15).

**I.      Background**

On June 19, 2023, Eddie J. Delone ("Plaintiff") initiated the captioned personal injury action in state court against Defendant. (R. Doc. 1-6). Based on diversity, Defendant removed the action to this Court on July 24, 2023. (R. Doc. 1). On October 4, 2023, this Court issued a scheduling order setting March 29, 2024 as the deadline for filing all discovery motions and completing all discovery excerpts. (R. Doc. 6). Within the discovery period, Defendant served a subpoena on URG-HAB, a health facility whose physicians and providers treated Plaintiff. (R. Docs. 7-2, 7-3). In response, URG-HAB filed the instant Motion, aiming to quash the following portions of the subject subpoena. (R. Docs. 7-2, 7-3).

- **Request No. 2:** Any and all electronic notes, records, letters, submissions, emails, documents which in any way pertain to write-offs or discounts provided to or requested by **ATTORNEY**[1] related to any claim arising out of an accident that occurred on or after January 1, 2021. Please provide sanitized versions of these documents redacting all personal information contained therein.

---

[1] All bolded and capitalized terms herein are defined in R. Doc. 7-3.

1

- **Request No. 3:** Any and all electronic notes, records, letters, submissions, emails, documents which in any way pertain to write-offs or discounts provided to or requested by **ATTORNEY** related to any claim arising out of an accident that occurred in the last five (5) years. Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 4:** Any and all contractual agreements, either express or tacit, between **YOU** and **ATTORNEY.** Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 7:** Please provide a sanitized list of all ATTORNEY clients who have received treatment from YOU, whose medical bills were paid by ATTORNEY in the last five (5) years. We are seeking a spreadsheet identifying your patients by fictitious names or numbers (column 1), the amount charged by YOU (column 2), and the amount paid to YOU by ATTORNEY (column 3) in satisfaction.

- **Request No. 8:** Any and all guidelines, source books, written agreements, communications, or other written documents utilized by **YOU** in determining the amounts to charge for patients with health insurance for the **PROCEDURES.** Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 9:** Any and all guidelines, source books, written agreements, communications, or other written documents utilized by **YOU** in determining the amounts to charge for patients with a law firm designated as the responsible party for the **PROCEDURES.** Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 10:** Any and all guidelines, source books, written agreements, communications, or other written documents utilized by **YOU** in determining the amounts to charge for patients with Medicare for the **PROCEDURES.** Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 11:** Any and all guidelines, source books, written agreements, communications, or other written documents utilized by **YOU** in determining the amounts to charge for patients with Medicaid for the **PROCEDURES.** Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 12:** Any and all guidelines, source books, written agreements, communications, or other written documents utilized by **YOU** in determining the amounts to charge for patients with a third party funding company designated as the responsible party for the **PROCEDURES.** Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 13:** Any and all guidelines, source books, written agreements, communications, or other written documents utilized by **YOU** in determining the amounts to charge for patients without any form of third party payment for the

    **PROCEDURES.** Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 20:** Any and all written documents regarding **YOUR** policies, procedures, or guidelines for negotiating discounts, write-offs or adjustments of charges for medical services provided by **YOU.** Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 21:** Any and all written documents regarding **YOUR** policies or guidelines for accepting Medicaid. Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 22:** Any and all written documents regarding **YOUR** policies, procedures or guidelines for accepting Medicare. Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 23:** Any and all written documents regarding **YOUR** policies, procedures or guidelines for accepting personal health insurance. Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 24:** Any and all written documents regarding **YOUR** policies, procedures or guidelines for accepting payments from attorneys or letters of guarantee. Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 25:** Any and all written documents regarding **YOUR** policies, procedures or guidelines for accepting payments from third party funding companies. Please provide sanitized versions of these documents redacting all personal information contained therein.

- **Request No. 26:** Any and all written documents regarding **YOUR** policies, procedures or guidelines for choosing which payor will fund medical treatment, when multiple payors exist.

## II.   Arguments of the Parties

URG-HAB objects that Request Nos. 2, 3, 4, and 7 are overbroad, unduly burdensome, oppressive, and harassing, because they ask for personal, confidential, privileged, and irrelevant information not proportional to the needs of the case. (R. Doc. 7-2). URG-HAB also argues that significant costs would be incurred in collecting and compiling responsive documents, because "[i]t would take hundreds of hours[.]" (R. Docs. 7-2, 7-4). Regarding Request No. 4 specifically, URG-HAB argues the contractual agreements sought are confidential business, financial, and proprietary information and/or trade secrets. (R. Doc. 7-2).

As for Request Nos. 8 through 13, URG-HAB objects that they seek "sensitive business information . . . beyond the bounds of permissible discovery . . . and not otherwise available in the market." (R. Doc. 7-2). Yet, URG-HAB answers Request Nos. 10 through 12 by stating that "URG-HAB does not take Medicaid or Medicare for treatment of its patients, no[r] does it contract with funding companies." (R. Docs. 7-2, 7-4). Regarding Request No. 20, URG-HAB objects that it is "overly broad, vague and ambiguous, and not relevant to the subject matter of this proceeding, nor likely to lead to the discovery of relevant information." (R. Doc. 7-2).

URG-HAB objects that Request Nos. 21 through 25 are vague, ambiguous, over broad, and unduly burdensome. (R. Doc. 7-2). Regarding Request No. 26, URG-HAB and its President and CEO Timothy Sonnier state that "[t]he decision concerning who to bill for medical treatment is made by the patient, and in turn, communicated to URG-HAB by the patient or the patient's representative." (R. Docs. 7-2, 7-4).

In response to URG-HAB's objections to Request Nos. 2, 3, 4, and 7, Defendant argues the requested information is relevant for determining whether URG-HAB has charged plaintiff a high medical bill with the intention of re-negotiating the bill after the close of the case. (R. Doc. 10). Defendant claims URG-HAB may be using such a method to ostensibly comply with La. R.S. 9:2800.27 which states that "recovery of past medical expenses . . . shall be limited to amounts paid to a medical provider by or on behalf of the claimant, and amounts remaining owed to a medical provider[.]" (R. Doc. 10). Defendant also points out that, in a past deposition, a representative of URG-HAB raised no issue with searching their billing software for "how many patients over the past five years" received write-offs. (R. Docs. 10, 10-14).

Regarding Request Nos. 8 through 13 and 20 through 26, Defendant asserts that it has a right to assess Plaintiff's mitigation of damages by exploring "how Plaintiff's treatment is being

4

funded, [and] whether URG-HAB worked with Plaintiff or his attorney to draw from sources that resulted in higher charges[.]" (R. Doc. 10). Defendant also argues that if any of the information requested is confidential, the issue may be addressed via a limited protective order. (R. Doc. 10).

URG-HAB responds by asserting that there are more "logical ways to discover what was paid and/or still owed to a medical provider[, namely] to 1) obtain the provider's billing records to see how much has been paid and how much is still owed; 2) depose the provider to see if they have reduced or intend to reduce the charges for any payor; 3) request an affidavit from the provider attesting to the information; or 4) pay the provider directly out of any settlement or judgment for the services." (R. Doc. 15). URG-HAB also clarifies that, in the deposition Defendant cites, URG-HAB's representative also stated he had not yet attempted searching URG-HAB's software for write-offs. (R. Doc. 15). Following the deposition, it was discovered the "software cannot determine how many discounts [a]re given." (R. Docs. 15, 15-1).

### III.   Law and Analysis

#### A.   Legal Standards

Third-party subpoenas are discovery devices that, although governed first by Fed. R. Civ. P. 45, are also subject to Fed. R. Civ. P. 26, which allows courts to issue protective orders after a showing of good cause "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Under Fed. R. Civ. P. 26, a court must limit the frequency or extent of discovery if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by [Fed. R. Civ. P.] 26(b)(1)." Fed. R. Civ. P. 26(b)(2).

5

Under Fed. R. Civ. P. 45, a party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense[.]" Fed. R. Civ. P. 45(d)(1). A court must quash or modify a subpoena if it: "(1) fails to allow a reasonable time to comply; (2) requires a person to comply beyond the geographical limits specified in [Fed. R. Civ. P.] 45(c); (3) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (4) subjects a person to undue burden." *Bonano v. James River Ins. Co.,* No. CV 19-14764, 2020 WL 6157846, at *2 (E.D. La. Oct. 21, 2020) (citing Fed. R. Civ. P. 45(d)).

To determine whether a subpoena subjects a person to undue burden, courts weigh the following factors: "(1) [the] relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F. 3d 812, 818 (5th Cir. 2004). Courts "also consider the expense and inconvenience to [a] non-party." *Id* (citations omitted).

**B.    Analysis**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information is relevant if it "bears on, or . . . reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party." *Coughlin v. Lee*, 946 F. 2d 1152, 1159 (5th Cir. 1991) (citation omitted). This Court concludes that most of the information sought by Defendant could be relevant for ascertaining whether any attorney-negotiated[2] fee discounts, present or planned, exist regarding Plaintiff's medical expenses. Thus, this Court's assessment of

---

[2] The collateral source rule prohibits a tortfeasor from benefitting from "write-offs" by a medical provider when a plaintiff has paid some consideration for the benefit of the "write-offs." *Bozeman v. Louisiana,* 879 So. 2d 692, 704 (La. 2004). However, this rule does not apply to attorney-negotiated medical discounts. *Hoffman v. 21st Century N. Am. Ins. Co.,* 2014-2279 (La. 10/2/15), 209 So. 3d 702, 706.

6

the Motion to Quash and/or for Protective Order will primarily focus on whether Defendant's requests are overbroad and imposing an undue burden.

Request Nos. 2 and 3 request documents regarding "write-offs or discounts provided to or requested by ATTORNEY related to any claim arising out of an accident that occurred" either "on or after January 1, 2021" or "in the last five (5) years." (R. Doc. 7-3). In considering Request Nos. 2 and 3, this Court will follow the conclusion of the court in *Bonano.* The court in *Bonano* concluded that a request seeking "documentation of all financial arrangements" between a plaintiff's attorneys and her physician regarding "all other cases [or] matters involving the [plaintiff's attorneys] in the past ten (10) years" was overbroad. *Bonano*, 2020 WL 6157846, at *4. Like the *Bonano* request, Request Nos. 2 and 3 broadly seeks documentation of all write-off arrangements. *Id.* Considering the breadth of this request and the burden imposed with compliance, this Court finds Request Nos. 2 and 3 unduly burdensome, overbroad and seek such a wide range of documents that URG-HAB would be impermissibly burdened by locating and organizing responsive documents. *Wiwa*, 392 F. 3d 812, 818. Therefore, this Court quashes Request Nos. 2 and 3.

Request No. 4, however, is not overbroad and the information sought is relevant for impeachment purposes. *See Collins v. Benton,* No. CV 18-7465, 2019 WL 6769636, at *6 (E.D. La. Dec. 12, 2019) (financial arrangement between a third-party funding company and a plaintiff's medical provider is relevant for demonstrating bias for impeachment purposes.); *See also Thomas v. Chambers,* No. 18-4373 (E.D. La. Apr. 26, 2019); *See also McClain v. Sysco New Orleans,* No. CV 19-1801, 2020 WL 11028497, at *10 (E.D. La. July 17, 2020) ("The court finds that the agreement between Medport and the billing administrators could shed further light on that relationship for purposes of understanding what plaintiffs remain truly obligated to pay

7

[and] even if the agreement and the sales price were not relevant to the collateral source rule issue, the court finds them both relevant [to] the issue of bias."). While the court in *Bonano* held a similar request was burdensome, the *Bonano* request was for general evidence of financial arrangements made in the past ten years; here, the request asks for the contractual arrangements themselves. *Bonano*, 2020 WL 6157846, at *4. This Court will therefore not quash Request No. 4 to the extent that it seeks any general contractual agreement between plaintiff's counsel or law firm and URG-HAB. In the Motion, URG-HAB has already clarified that no general contractual agreement between URG-HAB and Plaintiff's attorney exists. (R. Doc. 7-2). Accordingly, no further response is necessary. However, should Request No. 4 be construed to apply to an agreed write-off or discount in any individual and unrelated matter, this request is quashed. The Court will not require URG-HAB to conduct a file-by-file patient review in responding to Request No. 4.

Request No. 7, on the other hand, unduly burdens URG-HAB as it would require URG-HAB to "audit [it]s patient records and generate new information[,]" a task which the Fifth Circuit has stated is not contemplated by Fed. R. Civ. P. 45. *Leonard v. Martin,* 38 F. 4th 481, 490 (5th Cir. 2022) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii)). In *Leonard v. Martin,* the Fifth Circuit explained, in dicta, that because Fed. R. Civ. P. 45 "does not contemplate a subpoena requiring a nonparty to analyze documents in the nonparty's possession and generate new information[,] to the extent that [a] subpoena requires [a non-party] to do more than simply produce documents already in existence, it imposes an undue burden on him." *Id.* As Request No. 7 asks URG-HAB to generate new information by creating a spreadsheet, Request No. 7 is unduly burdensome and must be quashed.

Request Nos. 8 through 13 request information regarding URG-HAB's methods for determining the amounts to charge different patients for plaintiff's type of procedure. (R. Doc. 7-3). Request Nos. 8 through 13 impose an undue burden on URG-HAB because they include no time period limitations and therefore require an overly burdensome assessment of patient records. *Wiwa*, 392 F. 3d 812, 818. Accordingly, this Court quashes Request Nos. 8 through 13. Were these requests not overly burdensome, URG-HAB's concerns regarding a potential loss of competitive business advantage could have been "easily addressed by a protective order." *McClain,* 2020 WL 11028497, at *12. However, this Court finds "some legitimacy to [URG-HAB's] concern because disclosure here would necessarily reveal the payment practices and sale amount to [P]laintiff['s] counsel here, thus potentially affecting [URG-HAB's] ability to negotiate the highest payment from [Plaintiff]." *Id.* The defense may explore, through deposition testimony or otherwise, the specific procedures and treatment provided <u>to the plaintiff</u> and the amount charged for <u>those</u> services.

Regarding Request No. 20, this Court finds the request to be largely duplicative of Request Nos. 2 and 3. Thus, the request is overbroad and must be quashed for the same reasons detailed regarding Request Nos. 2 and 3.

Request Nos. 21 through 26 seek information regarding URG-HAB's process for accepting different payment methods. (R. Doc. 7-3). Such information is largely irrelevant for determining whether URG-HAB is planning to discount Plaintiff's medical fees. *See Wiwa*, 392 F. 3d at 818. To the extent these requests seek information regarding URG-HAB's decision as to whether a particular payor is chosen for a particular patient, URG-HAB informs that Court that it "is not involved in that choice" and that decision is made by the patient. (R. Doc. 7-2 at 15). These requests are also overbroad because they are not limited to a certain time period and are

not described with great particularity (seeking "any and all" documents pertaining to billing). *Id.* These requests therefore put undue burden upon URG-HAB to potentially explore every patient file for responsive documents. *Id.* Consequently, this Court must also quash Request Nos. 21 through 26 as unduly burdensome. *Id.*

**IV.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the instant Motion (R. Doc. 7) is **GRANTED IN PART and DENIED IN PART** such that Request Nos. 2-3, 7-13 and 20-26 are **QUASHED**. Request No. 4 has been limited as set forth above. The response provided is deemed sufficient. No further action is necessary. Each party is to bear their own costs.

Signed in Baton Rouge, Louisiana, on February 14, 2024.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**